Petition for Leave to Appeal Denied.
In the exercise of this Court's supervisory authority, the Appellate Court, First District, is directed to vacate the portion of its Rule 23 order in People v. Fry, case No. 1-15-1502 (01/31/18) that declined to address defendant's claims that the $ 50 court system fee is a fine to which he should be allowed credit and that the $ 5 court system fee should not have been assessed. With regard to these claims, the appellate court is directed to remand the case to the circuit court where the defendant may raise his contentions of error in sentencing as set forth in Supreme Court Rule 472.
Burke, J., joined by Neville, J., dissenting from denial of the petition for leave to appeal with entry of a supervisory order. Dissent attached.
JUSTICE BURKE, dissenting from denial of the petition for leave to appeal with entry of a supervisory order:
¶2 This case aptly illustrates the problem of inappropriate use of our supervisory authority. The appellate court below held, in part, that the defendant was entitled to per diem credit to offset a $30 Children's Advocacy Center assessment and expressly held that the circuit court's "fines and fees order should therefore indicate that the total amount owed by him is $560, rather than $590 as it currently states." 2018 IL App (1st) 151502-U, f 23. This holding may be legally correct or incorrect; I express no opinion on that question. However, the appellate court's ruling stands as a binding determination that entitles the defendant to recovery. Yet the majority simply eliminates this ruling without offering any legal reason for doing so. This is more like rule by decree than rule by law. The majority's failure to provide a legal justification for its actions is a clear abuse of this court's supervisory authority. Accordingly, I respectfully dissent.